UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELPIDIO D. TELLEZ,<br><br>     Petitioner,<br><br>v.<br><br>GIGI MATTESON, Warden,<br><br>     Respondent. | No. 2:22-cv-0404 CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. The court has conducted that review.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

After reviewing the petition for writ of habeas corpus, the dockets of cases filed by petitioner in the California Supreme Court (S263709) and in the California Court of Appeal, Third Appellate District (C077915, C089819, C091737), it does not appear that petitioner has

1

presented the claims presented in this action to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition for writ of habeas corpus should be dismissed.[1]

Also, after reviewing the dockets of the cases mentioned above, it does not appear that judgment is final with respect to the convictions and sentences challenged and that petitioner's sentence is currently under review in California Court of Appeal case number C089819. Generally speaking, federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. Younger v. Harris, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.'" Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).

"The Younger doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." Miofsky v. Superior Court, 703 F.2d 332, 336 (9th Cir. 1983). In practical terms, the Younger doctrine means that "'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.) (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972)), cert. denied, 449 U.S. 1014 (1980).

Nothing before the court suggests there are the extraordinary circumstances creating the threat of irreparable injury necessary for this court to proceed with petitioner's claims at this point.

For these reasons, the court will recommend that petitioner's petition for writ of habeas

---

[1] Petitioner is cautioned that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

corpus be summarily dismissed.

Accordingly, IT IS HERBY ORDERED that the Clerk of the Court assign a district court judge to this case.

IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus be summarily dismissed; and
2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 10, 2022

                                                         */s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/mp
tell0404.100fee

3